HENRY S. EARLE *vs.* WARREN AXE AND TOOL COMPANY.

Worcester.    October 2, 1896. — October 22, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Construction of Contract.*

A. and B. executed a contract, which stipulated that A., who was to sell goods for B., should have a salary of $100 per month during the continuance of the contract, which was to be in force for one year from its date, unless sooner terminated by a notice of sixty days by one party to the other; that such salary was "based on sales of $20,000 during one year from this date"; and that, if the sales exceeded that sum during the year, whether the orders came from A. or direct from the dealers, a commission of six per cent on the excess above that sum should be allowed him, and if the sales fell short of that sum "during the time mentioned above," there should be a deduction from the salary of a like commission on the amount of the deficiency. B. gave a notice which terminated the contract at the end of eight months, when A.'s sales were less than eight twentieths of $20,000. *Held,* in an action on the contract, that A. was entitled to recover his salary for eight months thereunder.

CONTRACT, to recover the amount of salary alleged to be due under the terms of a written contract executed by the parties, and upon an account annexed for commissions on sales of goods. Trial in the Superior Court, without a jury, before *Maynard, J.,* who found for the plaintiff; and the defendant alleged exceptions.    The facts appear in the opinion.

*G. H. Mellen,* for the defendant.

*J. R. Thayer & A. P. Rugg,* for the plaintiff.

KNOWLTON, J.    The contract of April 10, 1894, stipulates that the plaintiff shall have a salary of one hundred dollars per month during the continuance of the contract, and states that

the contract shall be in force for one year from its date, unless sooner terminated by a notice of sixty days given by one of the parties to the other. It also declares that the salary of one hundred dollars per month during the continuance of the contract is " based on sales of $20,000 during one year from this date," and provides that if the sales exceed twenty thousand dollars during the year in the prescribed territory, whether the orders come from the plaintiff or direct from the dealers, a commission of six per cent on the excess above that sum shall be allowed the plaintiff, and if the sales fall short of that sum there shall be a deduction from the salary of a like commission on the amount of the deficiency. The defendant gave a notice which terminated the contract at the end of eight months, and the evidence tends to show that the plaintiff's sales up to that time were less than eight twentieths of twenty thousand dollars. The defendant asked the judge to rule that the plaintiff could not recover his salary for eight months under the contract, and an exception to the refusal to give the ruling presents the only question in the case.

The monthly salary during the year was founded on an estimate of the sales that would be made in the course of the whole year, and not upon the sales that would be made in any particular months in the year, nor upon the sales that would be made in a small part of the year if the contract should be terminated by the defendant before the plaintiff had time to make the goods generally known in the market. The only provision for an increase or diminution of salary by a commission is in case the sales should exceed or fall below twenty thousand dollars " during the time mentioned above." In the absence of an express provision for an increase or diminution of salary if the contract should be terminated before the end of the year, we cannot adopt the defendant's construction unless the provision for a computation at the end of the year plainly implies that there is to be a like computation and adjustment if the contract is terminated by the defendant before that time. We find no such implication. The plaintiff testified that, if he had been permitted to remain in the defendant's service to the end of the year, he would have sold axes to the whole amount of twenty thousand dollars, as the last months of the year would have brought him

large orders from places where he had introduced the axes in the first part of the year.   The defendant's secretary testified that the time for the sale of axes for that year had passed, and that the sales for the remainder of the year would have been small.   The defendant, though requested to produce its books, neglected and refused so to do, and for proof of the amount of sales relied upon the testimony of a single witness, its secretary, who said he had personal knowledge of the subject.   The plaintiff testified that he did not know the amount of sales, and relied upon the defendant's books for an account.   We are of opinion that, upon the evidence, the parties are not to be supposed to have intended when they made their contract that the monthly salary should be affected by the amount of sales if the contract should be terminated before the end of the year.   It seems probable that efforts to sell made early in the year would not bear their full fruit until late in the year.   The construction put upon the contract by the presiding justice was correct.

*Exceptions overruled.*